v. Ralph Berry, Case No. 22-3207. This case requires this Court to interpret the requirements necessary to support a Vicar conviction where the underlying charge is based on a state law offense. At bottom, Petitioner contends that before a defendant can be convicted of Vicar murder, the conduct underlying the offense has to constitute either the generic or common law definition of murder, either of which adhere to the year-and-a-day rule. At least at the time the statute was enacted. Starting with the common law rule, the government conceded below that common law murder requires application of the year-and-a-day rule. But even under the generic definition, the rule should apply. In 1984, when Vicar was enacted, the year-and-a-day rule was the state of the law in the majority of the states, and it was required for murder under federal law, and commentators recognized that the law applied. So whether you apply the generic definition or the common law definition, the year-and-a-day rule would apply. How does, if at all, does MAP, our decision in MAP, which is some 20 years old, affect that analysis? MAP provides no analysis or authority for its decision that only the elements of a state law offense apply. And given the sea change that has occurred since MAP was decided, it's a decision that's no longer valid. What? Sea change in what? In the interpretation of statutes that incorporate state law offense. As Lugo, which was relied on the government, recognized, since MAP was decided, the Supreme Court decided Schleider v. Now, which is also under the RICO statute, where it held that RICO incorporates their state law, you still have to look at the generic offense. Davis was decided subsequently, and Davis, which rejected, I believe, this court's interpretation that even a statute that criminalizes current conduct, you still use a categorical approach. Davis rejected that and held that you do apply the categorical approach. And a host of other cases, I mean, most of the litigation in the criminal law area has been, revolves around those cases which focus on the categorical approach. So it doesn't, that sea change doesn't change, I don't think, the question of when we look at state law to guide us. And that's sort of what MAP is saying, that where you're offered in the statute, it can be a conviction, the predicate offense can be a conviction under state law or under federal law. That question doesn't seem to me to change, necessarily, based on the evolution of the categorical approach. I think, Your Honor, I think it does, because, for example, in Schleider, that was the issue. The issue was, in Schleider, it was a civil case, but it was a RICO based on extortion, on Hobbs Act extortion and state law extortion. After holding that the Hobbs Act required the defendant to obtain property, and therefore none, which the court determined the defendant, in that case, had not done, it invalidated all the Hobbs Act predicates. It then turned, because there were separately alleged state law predicates of extortion, and it said, necessarily, a state law, even though the language in the statute was an act or threat involving extortion, which is chargeable under state law, the court said, you still have to look to the definition, the generic definition of extortion, and therefore, since the generic definition incorporates the obtained requirement, it's insufficient. So, I think that this, it's all part of, you know, the sea change that did take place, and MAP itself, it cited nothing for what it held, and one reading of it is simply saying that you can't, you can't be burdened by a label of, you know, whether it's labeled as what's the underlying offense, and therefore, the court said it's consistent with the text because 1959, without qualification, leads to state law, the definition of the predicate acts of murder, but meaning, no, regardless of how it's labeled, but certainly, the subsequent case law makes clear that the generic or common law definition is relevant in determining whether a state- Very simple one, in which somebody is subjected to an act of violence and dies as a result of, from injuries sustained two years later. Are you disputing that that person can be, that the assailant can be charged with murder when the person dies two years later? Charged, you're under charge for murder under what statute? I think it depends on the statute. Even here- Statute that depends on murder. So here, the district court held that certainly under the federal murder statute, you can't be convicted of that. The district court held that under 924J, you couldn't be convicted of that. Had the defense counsel raised it in regards- Based on the year and a day rule? Yes, based on the year and a day rule. Well, let me, you just mentioned, had defense counsel raised. With respect to, I have a question with respect to your claim of ineffective assistance of counsel. Yes. Counsel's alleged failure to raise the same issue with respect to count three. Yes. My question is, you seem to suggest in your briefing that whenever there's a circuit split, even if this circuit has gone a different way, that counsel must argue below or be ineffective. In other words, if there's precedent from the court, which the district court must follow, but there's a split in the circuit, that counsel must raise it or be ineffective. Is that your position? And if so, do you have a case that says whenever there's a circuit split, but finding authority would be an effective assistance? That is my position, and I believe I do have a case. I believe it's the decision in Carthrone. Is it? You seem to suggest it in your reply brief. Bridges versus U.S., a Seventh Circuit case, is that the one you're relying on? I know Carthrone, the Fourth Circuit case, stands for that proposition. Which one? Carthrone, cited at the page two of our brief. In light of this court's decision in United States v. Aquart, and the district court's underlying decision, which this circuit affirmed, was it ineffective assistance for counsel not to raise it with respect to count three? I mean, it's obvious, right? If he raised it with respect to the other two counts . . . I think it was ineffective not to raise it . . . How so in light of there being both Second Circuit and particularly the Aquart case, which just was argued earlier, came out, but there was a district court case as well? I think one . . . I may be mispronouncing the names. I believe I know what Your Honor is referring to, but I think in light of the fact that as Lugo recognized, the state of the law was certainly in disarray. Slider, in a very analogous context under a RICO, which is the vicar is under the RICO, was enacted as part of RICO, held that the position the defendant was urging over there, that you do look to generic offense, was well supported, and Mapp was inconsistent with Slider. So I think, yes, it was ineffective not to raise it, particularly when he raised it as to the other counts. Doesn't that suggest there was a strategic reason and a thoughtful process? If you're going to raise it as to count one and two, that you think about it, you look at the case law, and you make a strategic decision whether you should raise it as to the third count. Respectfully not, because I think the strategic reason that happened was they just bought the government's position that, oh, this incorporates state law offense, which certainly the law at the time was in a state of disarray. And given how many cases that have gone up to the Supreme Court about the categorical approach and whether it applies, and specifically in this context, I do believe it wasn't effective to raise it. All right. Thank you, counsel. We'll see you again in a few minutes. We'll hear now from the government. Mr. Fiddleman. Good morning, Your Honors. May it please the Court. Jacob Fiddleman for the United States. I represent the government both on this appeal and in the district court proceedings below. This case does not require this Court to interpret the requirements of Section 1959. It only requires this Court to determine whether trial counsel was ineffective as a matter of law for failing to raise an argument, as Judge Kahn pointed out, that was foreclosed by a governing circuit precedent. The answer to that- We can only review this question as a matter of ineffective assistance? That's the only frame in which the argument has been raised by the appellant here. So it is an ineffective assistance question as to count three, the vicar. This Court's cases on the ineffective assistance standard in McCoy and Tellato make clear that even in a circumstance where there's no on-point circuit case law, but there is case law from out circuit tending to indicate the existence of an argument, it is not ineffective to fail to raise such an argument. And here we have one step further, which is there's an on-point case foreclosing the argument in this circuit. So under Tellato and McCoy, if it's not ineffective assistance to fail to raise an argument on a clean slate in this circuit, it's certainly not ineffective to fail to raise an argument that's foreclosed. So counsel, let me, and I recall having this thought process as I went through this case, because the statement of issues in the appeal brief for the defendant is limited to ineffective assistance on this point. But the actual briefing, the point one begins, the evidence was insufficient to establish vicar murder because of the year and the date. So assuming that there's some argument that they have raised a direct appeal of that, your position is that there is no direct appeal. But let's respond to the substantive question in case we read that differently. Certainly. If this court were to interpret the brief as raising a claim on direct appeal, then plain error review would apply because it wasn't raised below. And that requires this court to find an error that was obvious, that affected the defendant's substantial rights, and where failure to correct the error would cause the problem with the viewing of the reputation or integrity of judicial proceedings. And the defendant has not attempted to argue any of those additional requirements. But for this... What about the first step, that there was error? So with respect to the merits question, simply put, your honor, I think Mapp does answer the question. And there may be an argument for why the law may have evolved and Mapp needs to be reconsidered. But your honor wrote the Carrillo decision shortly after Mapp, which criticized district courts charging only the generic version of the offense when the statute so clearly requires the use of the state law elements. And so even if this court were going to accept the notion that the continued validity of Mapp is perhaps up for debate, that's not squarely raised here. Because whether you're looking at it on plain error or on ineffective assistance of counsel, that's not obvious based on the state of the law as it exists in this circuit. So it can't be ineffective for failure to raise it and it also can't be plain error for failure to raise it. In addition, as Judge Kahn asked earlier, we think the record is sufficient to make plain that this was a decision made by counsel after careful consideration of the issues. And that the ineffective assistance case law makes clear is also the end of the discussion. It was perfectly reasonable for counsel to elect to focus time on trial preparation and other legal arguments rather than engage in the frankly very time-consuming task that it would have required to go down this rabbit hole. And there was an on-point case that says the issue isn't raised in the circuit. So on that basis, Your Honors, this court should reject as a matter of law the ineffective assistance claim on direct appeal. There's no reason to defer it to a 2255. Briefly, I'll just note as to the second issue, Judge Kahn referenced the Aquart case. Yeah, that was, I misspoke. That was the double jeopardy issue. That's the double jeopardy issue, Your Honor, that's right. And that's recently been answered by this court. So unless the court has any further questions, we'll rest on our written submission. Thank you, counsel. So, Mr. Jurowitz, let's start with the question of the basis for your appeal. It takes a generous reading, particularly because to read your appeal as focusing on the government's response brief is entirely focused on the ineffective assistance claim. And in reply, you respond accordingly. You don't say, hang on a second, there's also a direct appeal. So can you tell us what is the nature of your appeal? So at page 22 of our brief on direct appeal, in Barry's view, the error in this case more than adequately satisfies the plain error standard. Since the Supreme Court and Taylor made clear that where a statute such as VARCAR contains enumerated offense, they should not be defined by individual state laws, moreover, the error affected Barry's substantial rights. But even if Barry is wrong, he's still entitled to relief. So the brief does raise both plain error and effective assistance. But to be fair, it does raise it under the state, the claim as to the statement of the issue on appeal is that it was ineffective, not to challenge it. Yeah, it does focus primarily on ineffective because I think that's in this, in the context of this case, I think it's an easier standard for Barry to, to apply. And I don't, I don't say that lightly. Yes, normally raising a ineffective assistance claim on direct appeal is, is, is a hurdle. In this case, in the context of this case, where the issue was squarely raised, this wouldn't have required, this counsel said, oh, it would have taken away from trial preparation. This was, these were issues that were raised on rule 29 motion after trial had been finished. A lot, extensive work was gone into it. It, it, to me. If you are raising it on direct appeal, as, as you claim by referencing the plain error standard, did you brief it? Did you brief the issue? Or is that the only reference? It's the same, to me, it's the same, the question of whether it was error. We briefed whether there was error here. Yes, that, that's really what the, because in order to whether... Or did you brief whether it was ineffective assistance of counsel not to raise it? Necessarily in briefing whether it was ineffective, we were briefing whether there was error because it's, it's on the underlying the same question. Saying that the evidence was insufficient is highly pertinent to the argument that it was ineffective assistance of counsel not to argue this. So you're saying we should have guessed that notwithstanding your statement in your brief that the issue you're raising is ineffective assistance, we should have guessed that the arguments that you made in order to show that it was ineffective assistance were also intended to be separate arguments? We're supposed to guess that? I, I don't know that it requires a guess because it's, there's no dispute that the facts in this case under the year and the date met, that the government could not satisfy the year and a day rule. That was the, the, the, the reasoning behind the district court's dismissal of one of the counts in this indictment because the government failed to satisfy year and a day. This, in this case, the, the, the death occurred 10 years after the murder. So there was no question about whether, on the, on the underlying facts. The question is the legal question of whether it's an element of either of, of any of these offenses. And that's the, that's the issue that's raised on this appeal, whether counsel should have raised it in regard to count three and whether it applies and under control, under the controlling laws of controlling Supreme Court precedent. I don't think that there's a question that it should apply here. Counsel, before you step back, let me know if we received, the court received a client relatively recently. Yes. I just want to confirm you've been in communication with him about the status of the appeal. I've been, I've been in, I've attended. I've been in your chair, counsel, so I know how difficult it is. It's, it's, I've never had a case that it's been so difficult than this one. But you, you've been in communication. I've been in communications, not as much as I want, because I, I can't, maybe I could get an order from this court, but I can't get through to the BOP. All right. Thank you. Thank you all, counsel. Well argued.